UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF SACRAMENTO, *et al.*,<br><br>    Defendants. | Case No.  2:22-cv-02193-DAD-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S LATEST APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DENYING HIS OTHERS AS MOOT, DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL, AND DENYING DEFENDANT'S REQUESTS FOR SCREENING AS MOOT<br><br>ECF Nos. 2, 6, 8, 9, & 11<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br> (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL OF CLAIMS AND PARTIES;<br><br> (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

  Plaintiff, a state prisoner, brings three separate and insufficiently related claims. He may file an amended complaint that contains only related claims. If he does not, I will select a claim

1

to proceed and will recommend that the others be dismissed without prejudice so that those claims may be brought in a separate action. I will also grant plaintiff's latest application to proceed *in forma pauperis*, ECF No. 8, deny his earlier ones as moot, ECF No. 2 & 6, and deny his request for appointment of counsel, ECF No. 2. Finally, I will deny defendant's requests for screening as moot. ECF Nos. 9 & 11.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

As noted above, plaintiff's complaint contains at least three separate and unrelated claims. First, he alleges that, on February 16, 2022, defendant Saucedo and several other Sacramento Sheriff's Deputies used excessive force against him. ECF No. 1 at 3-4. Second, plaintiff claims that he suffered inadequate medical care for the injuries he sustained in that attack. This claim might be sufficiently related to proceed with the excessive force allegations if it concerned only the medical care plaintiff received in the immediate aftermath of the incident. Instead, however, plaintiff's allegations of inadequate care range in date from February 17, 2022, to November 16, 2022. *Id.* at 8-11. Third, plaintiff alleges that between November 2020 and October 2022 he spoke with his assigned public defender at both the Rio Cosumnes Correctional Center and the Sacramento County Jail. *Id.* at 13. He claims that unnamed deputies violated his rights by listening in on these conversations because the visiting booths were not sound-proof. *Id.* Claims against multiple defendants can only proceed if they are based on the same "series of transactions or occurrences" and common questions of law. Fed. R. Civ. P. 20(a)(2). The aforementioned claims are not based on the same transactions or occurrences.

Plaintiff may file an amended complaint that contains only related claims. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Finally, I will deny plaintiff's request for appointment of counsel. ECF No. 2. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent

plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 2, is denied without prejudice.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED and his earlier filed applications, ECF Nos. 2 & 6, are DENIED as moot.
2. Plaintiff's request for appointment of counsel, ECF No. 2, is DENIED without prejudice.
3. Defendant's motions for screening, ECF Nos. 9 & 11 are DENIED as moot.
4. Within thirty days from the service of this order, plaintiff must file an amended complaint that contains only related claims. If he does not, I will select a viable claim and recommend that his others be dismissed without prejudice.
4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    February 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE