UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Defendant. | Case No. 2:22-cv-02193-DAD-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF PROCEED ONLY WITH HIS FOURTEENTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS SAUCEDO AND JOHN DOES 1-2 AND HIS FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIMS AGAINST DEFENDANTS LYNETTE AND ALANA<br><br>FINDINGS AND RECOMMENDATIONS THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 15<br><br>FOURTEEN DAY DEADLINE TO OBJECT |

    Plaintiff, an inmate in the Sacramento County Jail, alleges that on February 16, 2022, deputies Saucedo and John Does 1-2 used excessive force against him. ECF No. 15 at 3-4. He also claims that in the aftermath of the excessive force incident, nurses Lynette and Alana failed to provide adequate medical care for his injuries. *Id.* at 6-8. These allegations can proceed.[1]

---

[1] It appears that plaintiff is a pre-trial detainee and not a prisoner. As such, his excessive force and inadequate medical care claims proceed under the Fourteenth Amendment rather than the Eighth.

1

Plaintiff's claims against the remaining defendants and his claims regarding placement in disciplinary segregation, however, should be dismissed.

## Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

Plaintiff alleges that on February 16, 2022, while plaintiff was incarcerated at the Rio Consumnes Correctional Center, defendant Saucedo slammed him into a wall without

justification. ECF No. 15 at 3. John Doe 1 then placed a knee on plaintiff's neck and upper back area. *Id.* After plaintiff was restrained by multiple deputies, John Doe 2 placed his hands around plaintiff's neck and attempted to choke him. *Id.* at 4. These Fourteenth Amendment allegations are suitable to proceed. Plaintiff goes on to allege that after the attack, defendants Lynette and Alana failed to provide adequate medical care for the injuries he sustained. *Id.* at 6-7. These Fourteenth Amendment claims are also viable to proceed.

Other claims and defendants are not suitable to proceed past screening, however. During the articulation of his medical claims, plaintiff references other healthcare providers. Their names are not provided and the brevity and vagueness of the allegations against them makes it difficult to tell if they are being named as defendants. For instance, plaintiff alleges that the day after the excessive force incident, an unnamed physician ordered X-rays, but that a wheelchair was not provided for plaintiff during this encounter. *Id.* at 7. Assuming that plaintiff intends to hold the physician responsible for the lack of a wheelchair, the allegations are insufficient to show that he or she acted with deliberate indifference. Elsewhere, plaintiff alleges that an unnamed female nurse failed to send away a male nurse whom he deemed untrustworthy during a medical encounter. *Id.* Assuming this is intended to be a separate claim, it is insufficiently detailed to proceed past screening.

At the end of his complaint, plaintiff alleges that his rights were violated when prison officials moved him into disciplinary housing after the incident. *Id.* at 9. He claims the move was made without complying with certain unspecified mandatory procedures in which prison officials created a liberty interest. *Id.* Absent allegations as to what these procedures were and how they were violated, this claim is inadequate. Finally, plaintiff alleges that after being moved, he was served food tainted by metal shavings and a beverage cup that had liquid soap in it. *Id.* at 10. He does not allege who was responsible for the tainted meals. Moreover, neither the housing relocation nor the tainted meals bear sufficient relation to the excessive force or lack of adequate medical care. Given that this is plaintiff's third complaint, I find that, rather than offering another opportunity to amend, the viable claims should proceed and all other claims and defendants should be dismissed.

Accordingly, it is ORDERED that:

1. The third amended complaint, ECF No. 15, brings viable Fourteenth Amendment excessive force claims against defendants Saucedo, John Does 1-2, Lynette, and Alana. Only the named defendants can be served at this time, however. When and if plaintiff learns the identities of the John Doe defendants, he may add them to the complaint and service will be attempted at that time.

2. With this order, the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the March 27, 2023 complaint and 3 USM-285 forms and instructions for service of process on defendants Saucedo, Lynette, and Alana. Within 30 days of service of this order, plaintiff must return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

Further, it is RECOMMENDED that all other claims and defendants be DISMISSED without leave to amend for failure to state a viable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   April 5, 2023                                                               
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | No. 2:22-cv-02193-DAD-JDP (PC) |
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| COUNTY OF SACRAMENTO, | |
| Defendant. | |

In accordance with the court's Screening Order, plaintiff must submit:

      1       completed summons form

      3       completed forms USM-285

      4       copies of the March 27, 2023 complaint

|   |   |
|---|---|
| 1 | |
| 2 | _____ |
| 3 | Plaintiff |
| 4 | Dated: |