UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02193-DAD-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this section 1983 case against Sacramento County and several of its employees for violations of his Fourteenth Amendment rights.[1] He alleges that defendants Saucedo, Little, and an unnamed sheriff's deputy used excessive force against him. ECF No. 35 at 5-6. He also alleges that, after the use of force incident, defendants Lynette, Kuzmenko, Alana, and Babu denied him adequate medical care. *Id.* at 12-13. These claims are suitable to proceed.

---

[1] Plaintiff's claims, insofar as he appears to be a pre-trial detainee, proceed under the Fourteenth rather than the Eighth Amendment. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

1

Plaintiff's ancillary claims against the other named defendants, detailed below, should be dismissed. I will also grant defendant Sacramento County's motion to stay discovery, ECF No. 32, and deny plaintiff's motions to appoint counsel, compel discovery, add exhibits to his complaint, screen the complaint, provide additional service forms, and recuse. ECF Nos. 20, 23, 24, 30, 33, 37, & 38.

## Screening Order

### I.     Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

2

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As an initial matter, I will deny plaintiff's motions to amend his complaint, ECF Nos. 19 & 21, since plaintiff has since filed another amended complaint. I will grant his motion to amend the complaint, ECF No. 34, and screen the sixth amended complaint, ECF No. 35.

Plaintiff alleges that, on February 16, 2022, defendant Saucedo pushed him into a cement wall at the Sacramento County Jail, and then threw him onto the floor without provocation. ECF No. 35 at 6. Saucedo kicked and punched him, while defendant Little put a knee to his back. *Id.* Plaintiff alleges that eight unnamed deputies then rushed him, brought him to his feet, and pushed him against a wall. *Id.* One of them, identified only as "John Doe 2," choked his neck. *Id.* These allegations are sufficient to state Fourteenth Amendment excessive force claims against defendants Saucedo, Little, "John Doe 2," the unnamed deputies, Lynette, Kuzmenko, Alana, and Babu. Afterwards, defendants Lynette, Alana, Kuzmenko, and Babu all failed to provide adequate medical care for the injuries. I have already directed service for defendants Saucedo, Lynette, and Alana, ECF No. 17, so I will now direct plaintiff to submit service documents for defendants Little, Kuzmenko, and Babu only. The other unnamed defendants cannot be served until they are identified.

Plaintiff's other claims should be dismissed. He alleges that defendant Sacramento County Sheriff's Department failed to correct defendants' use of excessive force against him. ECF No. 35 at 15. He fails to allege any facts, beyond boilerplate conclusions like "this illegal practice was well-known and widespread," that the use of excessive force was related to any policy or custom of either the county or its sheriff's department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff also claims that defendant Jacobs, a sergeant, replied to his administrative grievance by indicating that he "deserved" to be a victim of excessive force. ECF No. 35 at 15-16. These allegations, while indicative of a lack of professionalism, do not give rise to a constitutional claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no "separate constitutional entitlement to a specific prison grievance procedure.").

3

As stated with respect to the Sacramento County Sheriff's Department, defendant County of Sacramento should be dismissed. Plaintiff does not allege, as he must, that the incident of excessive force was connected to any policy or custom of the county. *Monell*, 436 U.S. 658, 690 (1978).

Finally, attached to the most recent complaint are two "supplements." ECF Nos. 35-1 & 35-2. The first alleges that Sacramento County released his medical records without a warrant. ECF No. 35-1 at 2. This claim is insufficiently related to the excessive force and denial of medical care claims that form the basis of this lawsuit. Similarly, plaintiff's second supplement concerns a separate failure to provide adequate medical care, based on a failure to provide blood pressure medication. ECF No. 35-2 at 2. This claim is also insufficiently related to his primary ones.

**Plaintiff's Pending Motions**

As noted above, plaintiff has filed numerous motions. I have already denied his motions to amend, ECF Nos. 19 & 21, as moot and granted his most recent motion to amend, ECF No. 34.

**A. Motions to Appoint Counsel**

I will deny plaintiff's motions to appoint counsel, ECF Nos. 20 & 24. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further,

plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motions to appoint counsel, ECF Nos. 20 & 24, are denied without prejudice.

I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

### B. Motion to Compel Discovery

Plaintiff's motion to compel discovery, ECF No. 23, is denied as premature. The relevant defendants have not yet been served and, once they are, I will issue a scheduling order that sets forth a period for conducting discovery.

### C. Motion for Extension of Time to Serve Defendants

Plaintiff's request for additional time to return service documents, ECF No. 28, to the extent that time is still necessary, is granted.

### D. Request to Add Exhibits to the Amended Complaint

Plaintiff's request to add exhibits, ECF No. 30, to his previous complaint is denied as moot.

### E. Request to Screen

Plaintiff's request to screen the fourth amended complaint, ECF No. 33, is denied as moot in light of his more recently filed complaint.

### F. Request for Additional Service Forms

Service for any unserved defendants will proceed according to this order, and plaintiff's motion for additional service forms, ECF No. 37, is denied as unnecessary.

### G. Motion to Recuse and to Screen

Plaintiff's motion to recuse seeks my recusal in this case, but lays out no cogent argument as to why recusal is merited. It appears that he has some frustration about the time it has taken to rule on his motions and to screen his complaints, but plaintiff is in significant part responsible for the slow progress of this case. He is now on his sixth amended complaint and, every time he amends, the litigation process is reset; I am obligated to screen each new complaint and new defendants must be served. If plaintiff wishes to expedite this case, he may wish to settle on his

desired claims and defendants. I do not expect to look favorably on future motions to amend. This motion, ECF No. 38, is denied.

**Defendant's Motion to Stay Discovery**

In its motion to stay discovery, defendant Sacramento County requests that discovery be stayed until thirty days after all relevant defendants have been served. ECF No. 32-1 at 3. That motion will be granted. In light of the changes made by the most recent complaint, discovery is best stayed until all defendants are served and the claims at issue are settled.

Accordingly, it is ORDERED that:

1. Plaintiff's motions to amend complaint, ECF Nos. 19 & 21, are DENIED and the motion to amend at ECF No. 34 is GRANTED. This action will proceed on the sixth amended complaint at ECF No. 35.

2. Plaintiff's motions to appoint counsel, ECF Nos. 20 & 24, and motion to add exhibits, ECF No. 30 are DENIED.

3. Plaintiff's motions for extension of time and for screening, ECF No. 28 is GRANTED.

4. Plaintiff's motions for additional service forms, ECF No. 37, to screen, ECF No. 33, and to recuse, ECF No. 38 are DENIED.

5. Defendant Sacramento County's motion to stay discovery, ECF No. 32, is GRANTED. Discovery shall not commence before all defendants are served and thirty days have elapsed from their answer to plaintiff's most recent complaint.

6. This action shall proceed based on plaintiff's Fourteenth Amendment excessive force claims against defendants Saucedo, Little, John Doe 2, and the unnamed deputies referenced in the screening order. It will also proceed based on the failure to provide adequate medical care claims against defendants Lynette, Alana, Babu, and Kuzmenko. Only the named defendants can be served at this time. As noted above, I have already directed service for some defendants. Thus, plaintiff is directed to submit USM-285 forms only for defendant Alana, Babu, and Kuzmenko.

1     Further, it is RECOMMENDED that all other claims and defendants be dismissed.

2     These findings and recommendations are submitted to the United States District Judge
3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
4 after being served with these findings and recommendations, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
7 objections shall be served and filed within fourteen days after service of the objections.  The
8 parties are advised that failure to file objections within the specified time may waive the right to
9 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
10 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  _July 13, 2023_              _____
                                     JEREMY D. PETERSON
                                     UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No.  2:22-cv-02193-DAD-JDP (PC) |
| Plaintiff, | NOTICE OF SUBMISSION OF DOCUMENTS |
| v. | |
| COUNTY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

In accordance with the court's Screening Order, plaintiff must submit:

   __3__          completed forms USM-285

8

_____

                                        Plaintiff

Dated: