UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-02193-DAD-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS<br><br>ECF Nos. 49, 50, 51, 53, 55, 56, 57, 58, & 60<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S REQUESTS TO AMEND COMPLAINT BE DENIED<br><br>ECF Nos. 48 & 54<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff has brought this § 1983 case against Sacramento County and several of its employees for violations of his Fourteenth Amendment rights. On July 14, 2023, I found that the sixth amended complaint contained viable claims against defendants Saucedo, Little, John Doe 2, and certain unnamed deputies. ECF No. 39. I also found that it contained viable failure-to-provide-medical-care claims against defendants Lynette, Alana, Babu, and Kuzmenko. *Id.* I recommend that all other claims be dismissed, and those recommendations were adopted. ECF No. 52. After I directed service for the foregoing defendants, plaintiff filed numerous motions. I

1

will address each in turn.

## Requests to Amend

Plaintiff has filed two requests to "supplement" the sixth amended complaint. ECF Nos. 48 & 54. He is not, however, permitted to supplement an existing complaint; any additions must be made by way of a new complaint that is complete in itself. *See Goodbar v. Paldara*, No. 1:21-cv-01811-GSA-PC, 2022 U.S. Dist. LEXIS 83423, *2 (E.D. Cal. May 8, 2022) ("Under Rule 220, Plaintiff may not amend the Complaint by adding new information submitted separately from the Complaint. To add information or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself, without reference to prior complaints."). Accordingly, I recommend that these motions be denied. If plaintiff still desires to amend, he should file a properly supported motion along with a complaint that is complete in itself.

## Request to Verify Documents

Plaintiff has filed a "request to verify documents" that he alleges were possibly altered by someone in this district's Clerk's Office or by the Sacramento County Sheriff's Office. ECF No. 49 at 2-3. He requests that criminal charges be initiated based on this alleged alteration. *Id.* at 3. Such charges are beyond the scope of this lawsuit. As to the alleged alterations, plaintiff has not alleged whether or how these changes harmed him or his case. If plaintiff believes his mail is being illegally tampered with, he may file a separate lawsuit. The court is not positioned to investigate allegations of mailroom tampering in this case. The court also declines, as the motion requests, to contact the federal defender on plaintiff's behalf. This request is denied.[1]

## Request for Production of Documents

Plaintiff requests that defendants be made to produce various documents for his inspection. ECF No. 50. This request is premature. Plaintiff will be permitted to conduct discovery once defendants are served and I issue a scheduling order. Once discovery opens, plaintiff must serve his discovery requests on defendants and not on the court. Plaintiff's request

---

[1] The request also asks that the court continue to upload its orders on "Fast Case." The court will post its orders to the official docket. No other special arrangements will be made.

is denied.

### Request for Disclosure of Defendants' Full Names and for USM Forms

Plaintiff has filed two requests for disclosure of defendants' full names and for three additional USM service forms. ECF Nos. 51 & 57. Therein, plaintiff asks for disclosure of various defendants' first names and for new USM forms if the Marshal fails to serve defendants in this round of service. He also argues that the Marshal's failure to thus far effect service is cause for a hearing. ECF No. 57 at 3. These motions will be denied as premature. I will direct the Marshal to investigate the status of service and, if necessary, re-attempt service. If service is ultimately rejected for want of a defendant's first name, I will reconsider plaintiff's request for early discovery.

### Request to Serve Defendant's Counsel and for Law Library Access

As with the foregoing motions for disclosure of defendants' names, this motion relates to service and contemplates serving counsel for the County of Sacramento in order to expedite service on the other defendants. ECF No. 53 at 1-2. As stated above, I will direct the Marshal to investigate the status of service and, at this juncture, decline to take other, less conventional acts until it confirms that service has been attempted and could not be completed.

Plaintiff also requests that I order the Sacramento County Sheriff's office to allow him one hour of law library access a week to make copies. *Id.* at 2. Plaintiff's law library access lies beyond the scope of this lawsuit, and I decline to intervene in the day-to-day operations of the Sacramento County Sheriff. Plaintiff may, however, show this order to the appropriate official as proof that he is engaged in litigating a federal case and should, as the constitution demands, be granted adequate library access. If plaintiff feels that his rights are being violated in this respect, he may file a separate lawsuit. This motion is denied.

### Request for Extraction Order

Plaintiff requests that I order the Sacramento County Sheriff's Department extract him to any hearings in this district. ECF No. 55 at 1. He also requests that I order the Sheriff's Department to promptly process and deliver his legal mail. *Id.* at 2. No hearings in this case are scheduled. If a hearing is set, the logistics of plaintiff's appearance will be determined at that

time. As to plaintiff's legal mail, this issue is, again, beyond the scope of this suit. This motion is denied.

### Motion to Appoint Counsel

Plaintiff's request for counsel, ECF No. 56, is denied. He does not have a constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. And, thus far, plaintiff has proven capable of representing himself. If the interests of justice require it, I will revisit this issue as this case progresses. It is, for now, denied without prejudice.

### Request for Copies

Plaintiff seeks copies of an unspecified order to show cause, the court's motion calendar, and a copy of the civil docket sheet. ECF No. 58. Plaintiff has not explained his need for these documents and, thus, this motion is denied without prejudice. He may renew this motion with an explanation for why these documents are necessary. *See Buford v. Johnson*, 5:22-cv-00026-VAP (SK), 2023 U.S. Dist. LEXIS 132649, *1 (C.D. Cal. Jul. 31, 2023) ("At a minimum, then, any request for copies must provide enough information for the court to determine whether it is necessary to impose such a burden upon the court clerk.") (internal quotation marks omitted).

<u>Motion for Ruling</u>

Plaintiff's most recently filed motion requests rulings on all of his previously filed motions. ECF No. 60. In light of this order and recommendations, this motion is denied as moot.

<u>Conclusion</u>

Accordingly, it is ORDERED that Plaintiff's motions at ECF Nos. 49, 50, 51, 53, 55, 56, 57, 58, & 60 are DENIED without prejudice.

Further, it is RECOMMENDED that plaintiff's requests to amend and supplement complaint, ECF Nos. 48 & 54, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 12, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE