UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:22-cv-2193-DAD-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff brought this section 1983 case against Sacramento County and several of its employees for violations of his Fourteenth Amendment rights. On July 14, 2023, I found that the sixth amended complaint contained viable claims against defendants Saucedo, Little, John Doe 2, and several unnamed deputies. ECF No. 39. I also found that it contained viable-failure-to-provide-medical-care claims against defendants Lynette, Alana, Babu, and Kuzmenko. *Id.* I recommended that all other claims be dismissed, and those recommendations were adopted. ECF No. 52. Plaintiff has, again, flooded the docket with motions, ECF Nos. 65, 69, 72, 74, 75, 77, 78, 79, 82, 84, 86, & 87, which are denied for the reasons stated below. His request for ruling, ECF No. 80, is granted.

1

Motions for Law Library Access

Plaintiff has filed four motions that request law library access and various discovery items, including a subpoena. ECF Nos. 65, 74, 77, & 86. Plaintiff states that his access to the library has not been adequate and that, despite showing jail officials documents from this case, they have declined to expand his access. He claims that a point of contention has been officials' refusal to believe or acknowledge that he is litigating this case *pro se*. ECF No. 65 at 1. He may show this order to the appropriate officials and offer it as verification that he is litigating this action *pro se*. I decline, however, to interfere with the operations of the Sacramento County Jail directly and to order that he either be provided a specific period of access to the library or be given particular services. If his access continues to be inadequate after presenting this order as proof that he is litigating *pro se*, he may notify the court. I will also deny his requests for subpoenas and other discovery items. As yet, because of plaintiff's appeal, no scheduling or discovery order has issued. These motions are denied.

Motion to Serve and for Legal Mail

Plaintiff has filed a motion seeking service of defendants. ECF No. 69. Service on all defendants has now been accomplished, however. ECF Nos. 73 & 85. Plaintiff also asks that I order jail officials to 'extract' him to this court for any hearings in this case. ECF No. 69 at 3. No hearings have been set, however, and, if a hearing is set at which his physical presence is required, I will order that he be presented before the court. Plaintiff also vaguely asserts that some of his legal mail has been withheld. *Id.* at 4-5. These allegations might form the basis for a separate suit, but no relief can be granted thereon in this action. Whether mail is, in fact, being withheld is a factual question that presents a new front in litigation. As with the motions for access to the law library, plaintiff may present this order to the appropriate officials and notify them that he has a right to receive all legal mail addressed to him. This motion is denied.

Motion to Stay

Plaintiff requests, because of issues with his legal mail, that a stay be placed on any proceeding which required or requires a response from him. ECF No. 72 at 1-2. As of now, no response is outstanding, and no stay is necessary. This motion is denied.

<u>Request for Show Cause and for Sanctions</u>

Plaintiff asks that the United States Marshal be sanctioned for failing to serve defendants. ECF No. 75. As explained above, defendants have now been served. This motion is denied. Plaintiff's motion for sanctions, ECF No. 78, that requests similar relief is denied for the same reason.

<u>Motion to Appoint Counsel and for Discovery and Scheduling Order</u>

Plaintiff's request for appointment of counsel, ECF No. 79, is denied for the same reasons articulated in my order that denied his previous request. *See* ECF No. 61 at 4. His request for a discovery and scheduling order is noted, but unnecessary. Such an order will issue shortly. This motion is denied.

<u>Request for Ruling</u>

Plaintiff's request that I rule on his motions, ECF No. 80, is granted. This order resolves all outstanding motions.

<u>Request to Lift Stay and Schedule a Discovery Order</u>

Plaintiff's request to lift the stay put in place by my order, ECF No. 39, denied. Discovery shall commence in accordance with my soon-to-be-issued discovery and scheduling order. This motion is denied.

<u>Motion for Transfer and Discovery</u>

In his motion for transfer, plaintiff references various issues with transport to state court proceedings. ECF No. 84 at 2. Those issues are not properly before this court; they should be addressed by the state court that requires his presence. As with his other discovery requests, my scheduling order shall set the contours for discovery and dictate its start and end.

<u>Motion for Stay of Transport</u>

Plaintiff requests a stay of transport from his current facility because he believes this matter has entered the discovery stage, defendants' counsel has located video of the incident, he has been denied law library access, and sheriff's deputies are suppressing evidence. ECF No. 87 at 1-2. These allegations do not justify such drastic interference in state proceedings or jail operations. This matter has not yet entered the discovery stage, and plaintiff has failed to

3

articulate a reason why the video evidence in question could not be provided to him at a different custody location. And the denial of law library access and deputy misconduct appears to militate in favor of transport rather than its restriction. This motion is denied.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motions at ECF Nos. 65, 69, 72, 74, 75, 77, 78, 79, 82, 84, 86, & 87 are DENIED for the reasons stated in this order.

2. Plaintiff's motion for ruling, ECF No. 80 is GRANTED.

IT IS SO ORDERED.

Dated: February 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4