UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:22-cv-2193-DAD-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff has two motions pending: a motion to modify the scheduling order, ECF No. 98, and a motion to subpoena non-party documents, ECF No. 99. I will grant in part and deny in part plaintiff's motion to modify the scheduling order and deny plaintiff's motion to subpoena non-party documents.

**Motion to Modify**

First, plaintiff moves to modify the scheduling order. ECF No. 98. He requests that the discovery deadline be moved from July 11, 2025, to September 11, 2025. *Id.* at 2. He notes that he has another case currently in the discovery phase, and he is in the beginning stages of appealing another. *Id.* He has also been transferred to varying instructions over the past few months. *Id.* As such, he is having difficulty meeting the current discovery deadline. *Id.* He also

1

1   requests that the court require defendants to respond to plaintiff's discovery requests within thirty
2   days instead of the forty-five days currently allowable under the scheduling order. *Id.*
3         I will grant in part and deny in part plaintiff's motion to modify. A court's scheduling
4   order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.
5   16(b)(4). The good cause inquiry focuses on the diligence of the party seeking the modification.
6   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus, the "court may
7   modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party
8   seeking the extension." *Id.*
9         I will partially grant plaintiff's motion to modify the scheduling order for discovery to be
10  finished by August 11, 2025—an additional thirty days—because good cause exists, and it
11  appears that plaintiff has been diligent in attempting to comply with the current order.
12  Nevertheless, while the court appreciates that plaintiff has other cases he is litigating, this court
13  cannot extend litigation unnecessarily. Like defendants' counsel, plaintiff must be able to balance
14  his litigation obligations, and he cannot depend on the court to continue extending the discovery
15  deadline in the future. I will deny plaintiff's request to order defendants to produce discovery
16  within thirty days instead of forty-five. As a result, the parties have until August 11, 2025, to
17  conduct discovery. I will extend the pretrial motions deadline to November 3, 2025.

### Motion to Subpoena Non-Party Documents

19        Plaintiff moves to subpoena non-parties allegedly in possession of discovery materials.
20  ECF No. 99. In his motion, plaintiff seeks to subpoena documents from three separate healthcare
21  facilities. *Id.* He does not identify the documents he intends to seek from these non-parties, and
22  merely states that the subpoenas "will help [him] prove [his] case that [he] did not have any
23  injuries prior to being viciously assaulted" by defendants. *Id.* He does not indicate that he has
24  attempted to obtain these documents by any other means. *Id.*
25        To obtain discovery from a non-party, plaintiff must seek issuance of a subpoena. *See*
26  Fed. R. Civ. P. 45. "Directing the Marshal's Office to expend its resources personally serving a
27  subpoena is not taken lightly by the court." *Austin v. Winett*, No. 04-cv-5104-DLB, 2008 WL
28  5213414, *1 (E.D. Cal. 2008); 28 U.S.C. § 1915(d). As such, courts must ensure that the party

serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. *See* Fed. R. Civ. P. 45(d)(1). A motion for issuance of a subpoena for non-party documents should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See Davis v. Ramen*, No. 06-cv-1216-AWI-SKO, 2010 WL 1948560, *1 (E.D. Cal. 2010) (denying the plaintiff's request for a subpoena upon a non-party because the plaintiff failed to specifically identify the documents he sought and who had such documents).

I will deny plaintiff's request for non-party subpoenas without prejudice. Plaintiff's motion is not supported by a clear identification of the documents he seeks, and he has not alleged that he can only obtain these documents from the identified third parties. *See id.* Plaintiff's request is not narrowly tailored to reach only documents relevant to the current litigation, tending to show the request could impose an undue burden or expense on the non-parties to obtain the sought after documents. *See* Fed. R. Civ. P. 45(d)(1). As such, I will deny the motion without prejudice. Plaintiff may renew his motion, but he is instructed that the renewed motion must comply with Rule 45.

**Conclusion**

Accordingly, it is ORDERED that:

1. Plaintiff's motion to modify the scheduling order, ECF No. 98, is GRANTED in part and DENIED in part. The parties may conduct discovery until August 11, 2025, and all pretrial motions, except motions to compel discovery, shall be filed on or before November 3, 2025. No other deadlines are modified by this order.

2. Plaintiff's motion to subpoena non-party documents, ECF No. 99, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __June 3, 2025__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3