UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EUGENE JAMES, | Case No. 2:22-cv-2193-DAD-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff brought this section 1983 case against Sacramento County and several of its employees for violations of his Fourteenth Amendment rights. On July 14, 2023, I found that the sixth amended complaint contained viable claims against defendants Saucedo, Little, John Doe 2, and several unnamed deputies. ECF No. 39. I also found that it contained viable failure to provide medical care claims against defendants Lynette, Alana, Babu, and Kuzmenko. *Id.* Plaintiff has filed three motions, ECF Nos. 104, 106, & 109. All are denied, and I further recommend that plaintiff's request for injunctive relief contained in ECF No. 106 be denied. Additionally, defendants' request to modify the scheduling order, ECF No. 102, is denied without prejudice.

<u>Motions to Modify the Scheduling Order</u>

Defendants seek to modify the scheduling order to extend the discovery deadline. Discovery closed on July 11, 2025. ECF No. 93. Defendants ask that that deadline be extended

1

1  to November 11, 2025, to allow defendant Babu to appear. ECF No. 102 at 2. Plaintiff filed an
2  opposition, wherein he claims that he intended to dismiss Babu as a defendant. ECF No. 103. In
3  their reply, defendants argue that an extension is, nevertheless, warranted because of the
4  uncertainty as to Babu's status and plaintiff's own pending motion for the issuance of a subpoena,
5  ECF No. 104, indicating that additional discovery may be contemplated. ECF No. 108. I
6  construe plaintiff's filing as a notice of voluntary dismissal as to Babu and will direct the Clerk of
7  Court to terminate him as a party. Thus, his non-appearance does not justify extending discovery.
8  And plaintiff's request for subpoena, which was filed before the close of discovery, is not per se
9  indicative of defendants' need for additional discovery. Thus, I will deny the motion for
10 extension without prejudice. If defendants need additional time for discovery, they may renew
11 their motion and explain what specific discovery remains outstanding.

<u>Motion for Issuance of Subpoena</u>

13 Plaintiff asks that a subpoena be directed to the custodian of records at the Kaiser South
14 Sacramento Hospital. ECF No. 104. The subpoena requests various documents and information
15 related to his MRI that was conducted on August 19, 2019. Plaintiff claims that he has attempted
16 to procure the information by other means but has been unsuccessful. Id. at 1-2. He has failed to
17 explain, however, how these records from 2019 relate to the claims in this suit, which concern an
18 alleged use of excessive force and subsequent failure to provide medical care in 2022. ECF No.
19 39 at 3 (detailing claims that will proceed past screening). Accordingly, plaintiff's motion is
20 denied without prejudice. He may re-file his motion within fourteen days. If he does so, he
21 should offer a detailed explanation of how the sought-after records are relevant.

<u>Motion for Discovery and Permanent Injunction</u>

23 In this motion, plaintiff alleges that discovery mailed to him by defendants was discarded
24 by correctional officers at North Kern State Prison. ECF No. 106. He also seeks a permanent
25 injunction in the heading of his motion, but I cannot tell what the contours of the proposed
26 injunction are; as such, his request for injunctive relief should be denied. Plaintiff has not
27 addressed the factors for issuance an injunction set forth in *Winter v. NRDC, Inc*. 555 U.S. 7, 20
28 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

2

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Additionally, any injunction sought related to plaintiff's legal mail at his current institution would be insufficiently related to the medical care claims at issue. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir. 2015) ("[T]here must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint."). Accordingly, I recommend that any request for injunctive relief be denied. I will, however, direct defendants to, within twenty-one days, confer with plaintiff as to the discovery that has allegedly been lost, and, if mailing new copies is feasible, I ask that they extend him that courtesy.

Motion for Recusal

Plaintiff argues that I should recuse myself because I have failed to rule on his motions in a timely manner and because I required him to provide a copy of his subpoena to defense counsel. ECF No. 109 at 1. His arguments are meritless. Judges in this court, including myself, strive to rule on motions as quickly as is practicable, but we all carry numerous cases and must attend to each. Additionally, plaintiff has hindered the progression of this case by filing numerous frivolous motions, like the one at hand. And plaintiff has not adequately explained how making the contents of his subpoena available to defendants has prejudiced him. He claims that it reveals his "case strategies and work product," but, in so stating, he appears to misunderstand the mechanics of litigation. It is not a series of rug pulls and dramatic reveals; the parties' arguments and evidence will be laid bare long before any trial, should one occur.

Conclusion

Accordingly, it is ORDERED that:

1.  Plaintiff's motions at ECF No. 104, ECF No. 106, ECF No. 109 are DENIED.

2.  Defendants' motion to modify the scheduling order, ECF No. 102, is DENIED without prejudice to renewal.

3.  I construe plaintiff's opposition, ECF No. 103, to act as a notice of voluntary dismissal of his claims against defendant Babu. I directed the Clerk of Court to terminate Babu as a party to

1 this action.

2     4. Within twenty-one days of this order's entry, defendants shall confer with plaintiff about the discovery he alleges was sent to him and misplaced by staff at North Kern State Prison. They shall send him an additional copy of that discovery if it is feasible.

    Further, it is RECOMMENDED that any request for injunctive relief contained in plaintiff's motion at ECF No. 106 be DENIED.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 18, 2025                      _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE