UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD EUGENE JAMES,

Plaintiff,

v.

SAUCEDO, *et al.*,

Defendants.

Case No.  2:22-cv-2193-DAD-JDP (P)

ORDER

Plaintiff brought this § 1983 action against defendants alleging that they violated his Fourteenth Amendment rights by using excessive force against him and denying him adequate medical care.  Plaintiff has several pending motions that I will address and deny in the order in which they were filed.  I will also grant defendants' request to modify the scheduling order.  ECF No. 126.

Motion to Compel and Objections

First, plaintiff has filed a motion to compel, seeking an order requiring defendants to provide him with security footage of, presumably, the alleged excessive force incident at Sacramento County Jail.  ECF No. 113 at 1-2.  In a declaration, however, defense counsel states that the footage in their possession has already been produced in a set of responses dating to January 2025.  ECF No. 121 at 1-2.  In a later filing, plaintiff acknowledges that the video was

1

provided, but claims, without evidence, that the footage was altered. ECF No. 125 at 1. This motion is denied. I cannot compel defendants to give a different response because plaintiff disagrees with the contents of the video they provided. Plaintiff's second motion to compel, ECF No. 117, which also seeks a copy of the video, is denied on this basis as well. To the extent that this filing purports to raise any objections to my pending recommendations, ECF No. 112, those were for the district judge, who has already ruled on the recommendations, ECF No. 130.

Motion for Issuance of Subpoenas

Plaintiff seeks subpoenas that would allow him to obtain his own medical records from "Kaiser Hospital South Sacramento," where he was allegedly treated in August 2019 after a car accident. ECF No. 114 at 1. He claims that these records are relevant because defendants are alleging that some of the injuries he attributes to the use of force incident were pre-existing. *Id.* This is not the first time plaintiff has requested subpoenas for this information, and I previously denied the request after finding that he had failed to explain the relevance of the records. ECF No. 112 at 2. It remains unclear to me, however, why a subpoena would be necessary to obtain this information. As best I can tell, all the records plaintiff is seeking belong to him and, thus, no subpoena should be necessary to obtain them. *See Haines v. Home Depot U.S.A., Inc.*, No. 1:10-cv-01763-SKO, 2011 U.S. Dist. LEXIS 139372, *1-2 (E.D. Cal. Dec. 5, 2011) ("Plaintiff's motion for the issuance of a subpoena duces tecum to compel production of medical records is premature. As Plaintiff is seeking copies of her own medical records, she may directly request that these medical providers furnish her with copies of her medical records as well as a letter indicating that the records are true and correct copies of records kept by each provider."). Accordingly, this motion is denied. To obtain a subpoena, plaintiff must first provide proof that he has requested his medical records through ordinary channels and that his request has been denied.

Motions for Sanctions

Plaintiff argues that defendants should be sanctioned for failing to meet and confer with him regarding discovery that was sent, but possibly misplaced, by North Kern State Prison staff, as directed by my August 18, 2025 order. ECF Nos. 118 & 122. In opposition, defendants state

2

that they did not believe the time to meet and confer would start until the district judge ruled on the recommendations. ECF No. 119 at 1. Nevertheless, defendants state that they are in the process of reaching out to the relevant litigation coordinator about the missing discovery. *Id.* at 1-2. Accordingly, I find that sanctions are unwarranted, and these motions are denied.

Motion to Rule on Discovery and to Recuse

Finally, plaintiff has filed a motion seeking a ruling on the aforementioned discovery motions and arguing that the delay is a "decoy" tactic warranting my recusal. ECF No. 129 at 1. He does not elaborate on what he means by this or what the alleged tactic is meant to accomplish. The motion is frivolous and is denied.

Defendants' Motion to Modify the Scheduling Order

Defendants request that discovery be re-opened and extended because written discovery remains outstanding, and there has been a delay in taking plaintiff's deposition because of the uncertainty as to whether Babu, who was previously named as a defendant, would appear. ECF No. 126 at 2. They ask that discovery be extended for a period of seventy-five days from the date when this motion is ruled upon. *Id.* at 2-3. Good cause being shown, the motion is granted.

Accordingly, it is ORDERED that:

1. Plaintiff's motions, ECF Nos. 113, 114, 117, 118, 122, & 129 are DENIED for the reasons stated in this order.

2. Defendants' motion to modify the scheduling order, ECF No. 126, is GRANTED and the parties may conduct discovery for seventy-five days from the date of this order's entry. Any motions to compel must be filed by the end of that period.

IT IS SO ORDERED.

Dated:    March 9, 2026                          _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE

3