UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD EUGENE JAMES,

Plaintiff,

v.

SAUCEDO, *et al.*,

Defendants.

Case No.  2:22-cv-2193-DAD-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff brought this § 1983 action against defendants alleging that they violated his Fourteenth Amendment rights by using excessive force against him and denying him adequate medical care.  On March 9, 2026, I denied several discovery related motions filed by plaintiff. ECF No. 132.  On March 27, 2026, plaintiff filed a motion for reconsideration and objections to my order.  ECF No. 133.  I recommend that the motion be denied.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah County v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Here, plaintiff has failed to show that any of the foregoing elements are met.  I understand that he disagrees with my decision, but he has failed to show that my adjudication of any of his motions was clearly erroneous.  Motions for reconsideration are disfavored and should

1

not, as plaintiff does here, attempt to relitigate arguments that have already been rejected.[1] *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) ("The trial court did not abuse its discretion in denying the motion, because the [movants] presented no arguments which the court had not already considered and rejected."). In closing, I note that plaintiff has complicated this litigation by repeatedly flooding the docket with motions, many of which are plainly meritless. *See* ECF Nos. 61, 89, & 132 (court filings disposing of numerous motions filed by plaintiff). This has delayed the litigation and consumed judicial resources that would have been better spent elsewhere. While plaintiff's litigation strategy is his to decide, I would urge him to reconsider his current one, as it has not availed him, and it has been the primary cause of delay in this litigation.

Accordingly, it is RECOMMENDED that plaintiff's motion for reconsideration, ECF No. 133, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] The only matter I see fit to address is the exhibit provided at ECF No. 133 at 50-51, which indicates that plaintiff has, as my recent order directed him to do in lieu of a subpoena, attempted to obtain his medical records from Kaiser Permanente by contacting them. This exhibit does not, however, indicate that a subpoena is justified, as Kaiser is not refusing to provide him with the records. Instead, Kaiser appears to be requesting additional information to ascertain which records are pertinent. *Id.* at 50. Thus, if the issue is that Kaiser Permanente is having difficulty identifying the relevant records because it lacks information from plaintiff, there is no reason to think a subpoena is needed (or helpful). Plaintiff can simply communicate with the provider and attempt to provide the relevant information.

IT IS SO ORDERED.


Dated:    April 24, 2026                                                  

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE